PROSKAUER ROSE LLP
Bettina B. Plevan
Eleven Times Square
New York, New York 10036-8299
Telephone:  212.969.3000
Facsimile:  212.969.2900
bplevan@proskauer.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
FRANCINE FRIEDMAN GRIESING, On Behalf of   :   Civil Action No. 12-cv-08734 (WHP)
Herself and Others Similarly Situated,                       :
                                                             :
                    Plaintiff,                               :
                                                             :
        v.                                                   :
                                                             :
GREENBERG TAURIG, LLP,                                       :   **ECF CASE**
                                                             :
                    Defendant.                               :
                                                             :
                                                             :
------------------------------------------------------------ x

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION TO STAY**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................1

ARGUMENT .................................................................................................................................1

I.  THE COURT SHOULD STAY THIS ACTION BECAUSE ONLY THE
    EASTERN DISTRICT OF PENNSYLVANIA CAN COMPEL ARBITRATION
    IN PHILADELPHIA .........................................................................................................1

    A.  There Would Be No Prejudice To Plaintiff If This Proceeding
        Were Stayed ...........................................................................................................3

    B.  Granting A Stay Of This Action Will Increase Judicial Efficiency And
        Prevent Inconsistent Decisions ..............................................................................4

    C.  Granting GT's Motion To Stay Will Further Public Interest.................................5

    D.  GT Will Be Prejudiced If A Motion To Stay Is Not Granted. ...............................6

II. THIS COURT SHOULD DEFER TO THE EASTERN DISTRICT OF
    PENNSYLVANIA BECAUSE THE ISSUE OF ARBITRABILITY WAS
    FILED THERE FIRST ......................................................................................................9

CONCLUSION ............................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*AT&T Mobility LLC v. Concepcion*,
    131 S. Ct. 1740 (2011) ............................................................................................................6

*Cap Gemini Ernst & Young U.S. LLC v. Arentowicz*,
    No. 04-cv-0299, 2004 U.S. Dist. LEXIS 11337 (S.D.N.Y. June 22, 2004) ........................6, 10

*Clinton v. Jones*,
    520 U.S. 681 (1997) ................................................................................................................1

*CompuCredit Corp. v. Greenwood*,
    132 S. Ct. 665 (2012) ....................................................................................................3, 5, 6

*Corcoran Law Group, L.L.C. v. Posner*,
    No. 09-1861, 2009 U.S. Dist. LEXIS 52587 (S.D.N.Y. June 5, 2009) ....................................5

*Hard Rock Cafe Int'l (USA), Inc. v. Hard Rock Hotel Holdings, LLC*,
    808 F. Supp. 2d 552 (S.D.N.Y. 2011) ......................................................................................2

*Hizam v. Clinton*,
    No. 11 Civ. 7693, 2012 U.S. Dist. LEXIS 135104 (S.D.N.Y. Sept. 20, 2012) ........................2

*In re All Funds in Accounts in the Names Registry Publishing, Inc.*,
    58 F.3d 855 (2d Cir. 1995) ......................................................................................................5

*In re Frigitemp Corp.*,
    8 B.R. 284 (S.D.N.Y. 1981) ....................................................................................................9

*In re Home Ins. Co.*,
    908 F. Supp. 180 (S.D.N.Y. 1995) .................................................................................6, 8, 10

*In re Platinum & Palladium Commodities Litigation*,
    No. 10 Civ. 3617, 2010 U.S. Dist. LEXIS 145183 (S.D.N.Y. Nov. 30, 2010) ........................3

*Indian Harbor Ins. Co. v. Global Transportation System*,
    197 F. Supp. 2d 1 (S.D.N.Y. 2002) .......................................................................................7, 8

*J.P. Morgan Sec. v. La. Citizens Property Insurance Corp.*,
    712 F. Supp. 2d 70 (S.D.N.Y. 2010) .....................................................................................7, 8

*Karp v. Cigna Healthcare*
    No. 11-10361, 2012 U.S. Dist. LEXIS 54215, (D. Mass. Apr. 18, 2012) ................................4

*Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.*,
   342 U.S. 180 (1952) ...................................................................................................1

*KyTEL Int'l Group, Inc. v. Rent-A-Center, Inc.*,
   43 F. App'x 420 (2d Cir. 2002) ..................................................................................9

*Manta Ray Offshore Gathering Co., L.L.C v. Shell Offshore Inc.*,
   No. 04-2553, 2006 U.S. Dist. LEXIS 54941 (E.D. La. Aug. 7, 2006) ..................8, 9

*O'Conner v. Pan Am*,
   No. 88 Civ. 5962, 1990 U.S. Dist. LEXIS 5403 (S.D.N.Y. May 4, 1990) ................6

*Ontel Prods. v. Project Strategies Corp.*,
   899 F. Supp. 1144 (S.D.N.Y. 1995) .........................................................................10

*Raytheon Co. v. National Union Fire Insurance Co.*,
   306 F. Supp. 2d 346 (S.D.N.Y. 2004) ..................................................................7, 10

*Roe v. Gray*,
   165 F. Supp. 2d 1164 (D. Colo. 2001) ..........................................................1, 2, 4, 7

*Symbol Technolgies v. Data General Corp.*,
   No. 96-cv-2240, 1996 U.S. Dist. LEXIS 8493 (S.D.N.Y. June 20, 1996) ...............10

*Trs of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*,
   886 F. Supp. 1134 (S.D.N.Y. 1995) ...........................................................................1

*Weitz Co. LLC v. Travelers Casualty & Surety Co. of Am.*,
   No. 4:02-cv-40188, 2002 U.S. Dist. LEXIS 20350 (S.D. Iowa Oct. 18, 2002) ........9

**STATUTES**

28 U.S.C. § 1355(c) ...........................................................................................................5

42 U.S.C. § 2000e-5(f) ......................................................................................................6

**PRELIMINARY STATEMENT**

Plaintiff has conceded that her individual, class and collective discrimination claims should be stayed while the issue of arbitrability is decided. The only question is which of the claims that raise this issue should proceed – the one filed by Greenberg Traurig, LLP ("GT") on December 3, 2012 in the Eastern District of Pennsylvania or the one filed by Griesing in this Court on January 15, 2013. GT's action should proceed because it was filed in the only district that has the authority to compel arbitration in accordance with the contract terms and because it was the first-filed claim on this issue.

**ARGUMENT**

**I.**

**THE COURT SHOULD STAY THIS ACTION BECAUSE ONLY THE EASTERN DISTRICT OF PENNSYLVANIA CAN COMPEL ARBITRATION IN PHILADELPHIA.**

It is well-settled that a "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Trs of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995) ("It is well-settled that a court has the discretionary authority to stay a case if the interests of justice so require."). As discussed in GT's moving brief, this Court should exercise its discretion and order a stay pending a final decision on the petition to compel arbitration in the Eastern District of Pennsylvania for the same reasons set forth by the District of Colorado in *Roe v. Gray*, 165 F. Supp. 2d 1164, 1174 (D. Colo. 2001). Because the arbitration agreement in *Roe* required arbitration in North Carolina, the Colorado district court determined that the North Carolina court should rule on arbitrability and a stay was warranted "under the principle of comity…in order to promote the efficient use of judicial resources." *Id.* In reaching its decision, the court cited to the Supreme Court's decision in *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952) and stated that the Supreme Court noted that "when two cases presenting the same issues are pending in different federal district courts, it has long been held that a federal court

1

has the power to stay its proceedings in order to promote the efficient use of judicial resources." *Roe*, 165 F. Supp. 2d at 1174.  Similarly, here, because the contract Griesing executed requires arbitration only in Pennsylvania (or Miami), this Court should stay this action.

Ignoring the reasoning in *Roe* that calls for a stay in this situation, Griesing argues that GT faces a "heavy burden" in its motion to stay.  (Pl. Opp. Br. at 4).  This assertion is without merit.  Although a party seeking a stay has a "heavy burden" in *some* situations (such as when a party seeks a stay of an order pending appeal, *see, e.g. Hizam v. Clinton*, No. 11 Civ. 7693, 2012 U.S. Dist. LEXIS 135104, at *8 (S.D.N.Y. Sept. 20, 2012)), there is no support for Griesing's allegation that a party faces a "heavy burden" under the circumstances here.

Indeed, the case that Griesing cites in support of this presumed "heavy burden" is wholly inapplicable.  In *Hard Rock Cafe Int'l, (USA), Inc. v. Hard Rock Hotel Holdings, LLC*, 808 F. Supp. 2d 552, 564 (S.D.N.Y. 2011), the Court was addressing the situation in which "some, but not all, of the claims in [a] case are arbitrable," and the Court "must then decide whether to stay the balance of the proceedings pending arbitration."  *Id.*  While the Court noted that in such circumstances "[t]he party seeking a stay bears a heavy burden of showing necessity by demonstrating that a stay will not hamper the progress of the arbitration proceeding, that the arbitration is expected to conclude within a reasonable time, and that there will be no undue hardship imposed on the opposing party," such considerations are irrelevant here.  *Id.* (internal citations and quotations omitted).  If arbitration is compelled, no claims will remain for court disposition and, thus, Griesing's attempt to impose a "heavy burden" on GT is unfounded.

Just as Plaintiff has no support for her allegation that there should be an unspecified "heavy burden" placed on GT, she also has no support for her assertion that the Court must examine certain specific factors when ruling on GT's motion to stay.  Indeed, in Plaintiff's Opposition Brief she inappropriately cherry-picks factors that courts examine in circumstances far different from

2

those here. However, even if the court did consider the purported factors set forth by Griesing, it is clear that these factors weigh strongly in favor of granting a stay in this situation.

### A. There Would Be No Prejudice To Plaintiff If This Proceeding Were Stayed.

Plaintiff would not be prejudiced if her discrimination claims were stayed as she agrees that the issue of arbitrability should be decided first.[1] Staying this action to allow Judge Goldberg to rule on GT's petition to compel arbitration accomplishes this goal. Not only will the issue regarding arbitrability of her claims be decided first, but it will be decided in the location that *she agreed to* when she executed the Shareholders' Agreement. (Ex. B to Plevan Decl. at Ex. A, ¶ 12).[2]

Moreover, despite Plaintiff's baseless pleas that there will be prejudice to purported "absent class members," there can be no such prejudice because *there is no certified class*. As discussed in GT's Opposition to Griesing's Motion to Bifurcate, the issue whether the claims in the Amended Complaint are subject to arbitration can only be decided as to Griesing, whether this issue is resolved by this Court or the Eastern District of Pennsylvania. (GT's Opp. Br. at 8-9). Even if there were a class, there would be no prejudice because arbitration agreements are to be enforced "according to their terms." *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012).

Furthermore, Plaintiff's claim that she will suffer prejudice if the issue is decided in the Eastern District of Pennsylvania because of her apparent intention to rely on the *Chen-Oster* and *Amex* decisions is unfounded. Significantly, nothing about the *Chen-Oster* or *Amex* decisions requires the issue of the arbitrability of Griesing's claims to be decided in this Court instead of the

---

[1]   Plaintiff cites only one decision that purportedly stands for the proposition that "this Court routinely considers 'the unfair prejudice to the party opposing the stay.'" (Pl. Opp. Br. at 4). However, in that case, *In re Platinum & Palladium Commodities Litigation*, No. 10 Civ. 3617, 2010 U.S. Dist. LEXIS 145183, at *2 (S.D.N.Y. Nov. 30, 2010), this Court ruled that "unfair prejudice to the [opposing] party" was one of three factors for a court to balance when considering a motion to stay discovery pending resolution of a motion to dismiss. This is clearly not the same type of stay sought by GT. Accordingly, Griesing's reliance on this case is misplaced.

[2]   Exhibits to the Declaration of Bettina B. Plevan, dated February 6, 2013 (the "Plevan Decl."), which GT submitted with its moving brief, are cited as "Ex. __ to Plevan Decl."

3

Eastern District of Pennsylvania. Indeed, Griesing has not demonstrated that the Eastern District of Pennsylvania would ignore these decisions if she did have a valid reason that they were applicable here. Further, as noted in GT's opposition to Griesing's motion to bifurcate, *Chen-Oster* is currently under review by the Second Circuit and the Supreme Court has granted certiorari in *Amex*. *See* GT's Opp. to Motion to Bifurcate at 12-14. That these cases, which apparently will form the basis of Griesing's argument against arbitrability, are currently under review and may be reversed or modified on appeal lends even more support to staying this action. Finally, Griesing wholly ignores the case law contrary to *Chen-Oster* and *Amex*, such as *Karp v. Cigna Healthcare*, a case in which the plaintiff is represented by the same law firm that represents Griesing here. No. 11-10361, 2012 U.S. Dist. LEXIS 54215, at *39 n.19, 42 (D. Mass. Apr. 18, 2012) (rejecting the reasoning in *Chen-Oster* because "Title VII does not create a statutory right in a certain method of proving a discrimination claim" and compelling arbitration of discrimination claims); *see also* GT's Opp. to Motion to Bifurcate at 14 n.5 (collecting cases).

### B. Granting A Stay Of This Action Will Increase Judicial Efficiency And Prevent Inconsistent Decisions.

When a court is faced with an agreement that specifies arbitration in another location, a stay is necessary in order to promote judicial efficiency. *Roe*, 165 F. Supp. 2d at 1174.

Despite Griesing's claim to the contrary, there is no risk of inconsistent judgments if the Court stays this action because the only determination that is being made is with respect to the arbitrability of *Griesing's* claims. (GT's Opp. Br. at 8-9). Significantly, Gresing has cited no support for her assertion that this Court can decide the issue of arbitration for all shareholders.

In fact, inconsistent judgments could only occur if this Court decides the arbitrability instead of staying the proceedings. This issue is already pending in the Eastern District of Pennsylvania, a court – unlike here – that can compel arbitration in accordance with the agreement. Thus, if this Court decides not to stay the proceedings, there is a risk that this Court will issue an

order that conflicts with the order of the Eastern District of Pennsylvania. Even if the courts ruled the *same* way, judicial resources would still be wasted because two courts would be ruling on the same issue.

    **C.**    **Granting GT's Motion To Stay Will Further Public Interest.**

Griesing's argument that there is a "public interest" in having arbitrability decided in this Court is without merit.³ To the contrary, the public interest, particularly the Supreme Court's express directive that agreements to arbitrate are to be "enforced according to their terms," weighs strongly in favor of this Court staying this action so that the Eastern District of Pennsylvania can rule on arbitrability. *CompuCredit*, 132 S. Ct. at 669.

It is clear that granting a stay would further the public interest. In Griesing's opposition brief, she argues that staying this matter would "prevent [her] from pursuing her discrimination claims in the forum of her choice." (Pl. Opp. Br. at 8). However, GT is not, at this point, challenging the venue for her underlying discrimination claims. Indeed, GT has not even answered the Amended Complaint or asserted affirmative defenses. Thus, the fact that Plaintiff desires to litigate her underlying discrimination claims here is irrelevant to GT's motion.

Even if her decision to file in this venue was of significance to this dispute, it conflicts with the fact that she already chose her forum when she executed the Shareholders' Agreement. In that contract, Griesing agreed that her disputes would be resolved by arbitration in either Philadelphia or Miami. Given that her arbitration agreement with GT contains clear and express provisions

---

³    Griesing does not have support for her assertion that the Court should consider the "public interest" when granting a stay in this situation. The two cases she cites deal with specific factual circumstances not present here. For instance, in *Corcoran Law Group, L.L.C. v. Posner*, No. 09-1861, 2009 U.S. Dist. LEXIS 52587, at *2-3 (S.D.N.Y. June 5, 2009), this Court outlined a six-factor test, which included "the public interest," that courts should use when considering whether to stay a civil action pending the outcome of criminal proceedings. Likewise, in *In re All Funds in Accounts in the Names Registry Publishing, Inc.*, 58 F.3d 855, 856 (2d Cir. 1995), the Second Circuit set forth a four-factor test, which included "any public interests that might be affected," to be used when ruling on a motion to stay pending appeal under 28 U.S.C. § 1355(c).

regarding forum and venue, there is a strong public interest in enforcing contractual obligations, which would favor having the issue of arbitrability decided in the location specified in the agreement.  For example, recently, the Supreme Court affirmed that the Federal Arbitration Act ("FAA") "requires courts to enforce agreements to arbitrate according to their terms…unless the FAA's mandate has been 'overridden by a contrary congressional command.'" *CompuCredit*, 132 S. Ct. at 669 (citation omitted).  *See also AT&T Mobility LLC v. Concepcion,* 131 S. Ct. 1740, 1748 (2011) ("The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms.").[4]

### D. **GT Will Be Prejudiced If A Motion To Stay Is Not Granted.**

GT will be harmed if this action is not stayed because this Court cannot provide the relief GT seeks in the Pennsylvania action – an order compelling arbitration in Philadelphia.

It is astonishing that Griesing argues that this Court has "declined to adopt the position" that arbitration cannot be compelled in another district.  (Pl. Opp. Br. at 11).  Griesing completely ignores decisions such as *In re Home Ins. Co.*, 908 F. Supp. 180 (S.D.N.Y. 1995) and *Cap Gemini Ernst & Young U.S. LLC v. Arentowicz*, No. 04-cv-0299, 2004 U.S. Dist. LEXIS 11337 (S.D.N.Y. June 22, 2004), both of which unequivocally adopted the "well-settled" position that "an order to compel arbitration can *only* be moved for and filed in the district in which the arbitration is to take place." *Id*. at *7.  Griesing has not cited ***any*** case in which a party was allowed to attempt an end-

---

[4] Although GT is not challenging the forum of Griesing's underlying discrimination claims in this motion, there is ample authority that would allow it to do so.  Under Title VII, venue is not "broad" (Pl. Br. at 8) but rather limited to "the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." *O'Conner v. Pan Am*, No. 88 Civ. 5962, 1990 U.S. Dist. LEXIS 5403, at *10 (S.D.N.Y. May 4, 1990); 42 U.S.C. § 2000e-5(f).  Here, Griesing's conclusory statements that the discrimination occurred in New York are contradicted by many of her allegations in the Amended Complaint.  Similarly, Griesing's allegations related to Richard Rosenbaum are wrong as a matter of fact for numerous reasons, including because he did not become Chief Executive Officer of GT until 2010.  From 1997-2010, Cesar Alvarez was the Chief Executive Officer of GT and was located in Miami.

run around a petition to compel arbitration by filing a declaratory judgment in another jurisdiction. Nor has Griesing pointed to a single case in which a party was forced to file a motion to stay under Section 3, instead of a petition to compel arbitration under Section 4, or a case in which a petitioning party was forced to litigate the issue of arbitrability in a jurisdiction contrary to its choosing and the forum established by the parties' arbitration agreement.

In addition to ignoring the "well-settled" law, Griesing blatantly misrepresents a footnote in *Raytheon Co. v. Nat'l Union Fire Ins. Co.*, 306 F. Supp. 2d 346, 354 n.50 (S.D.N.Y. 2004), which she alleges stands for the proposition that the Court "decline[ed] to adopt the District of Colorado's position in *Roe v. Gray*." (Pl. Br. at 11). In reality, *Raytheon* fully supports GT's position. In that case, the parties' arbitration agreement called for arbitration in New York. *Id* at 350. Raytheon filed an action in the District of Massachusetts on its underlying claim and also filed an action in the Southern District of New York to stay any potential arbitration. *Id.* at 348-49. National Union cross-moved in the New York action to compel arbitration of the underlying dispute under Section 4 of the FAA. *Id.* In its decision, the court noted that "a New York court has the authority to decide the question of arbitrability where New York is the arbitral forum designated by the parties in their agreement" and thus granted National Union's motion to compel arbitration. *Id.* at 354 n.50. Despite Griesing's suggestion to the contrary, the *Raytheon* court expressly stated that it "need not definitively determine whether the Massachusetts court also has the authority to address" the issue of arbitrability, although it noted that "the authority to decide issues regarding arbitration…may be lacking in Massachusetts." *Id* at 354-55 & n.50 (citing *Roe* in noting the conflict in the case law regarding "the power of a court located outside the district in which the arbitration is to be held to stay arbitration," but not reaching the issue).

Griesing cites *J.P. Morgan Sec. v. La. Citizens Prop. Ins. Corp.*, 712 F. Supp. 2d 70 (S.D.N.Y. 2010) and *Indian Harbor Ins. Co. v. Global Transp. Sys.*, 197 F. Supp. 2d 1 (S.D.N.Y.

2002), which further support GT's contention that this Court should grant a stay because only the Eastern District of Pennsylvania has authority to compel arbitration in Philadelphia.  In *J.P. Morgan Sec.*, 712 F. Supp. 2d at 82, the Court noted that the majority of Circuits that have decided this issue "have all held that where the arbitration agreement designates a specific forum, *only a district court in that forum may compel arbitration*." (emphasis added).  The Court followed the majority, ruling that it "cannot compel the arbitration to proceed…in New Orleans" and instructing the defendant that if it wanted "to obtain an order compelling that arbitration, it will have to seek that order in the United States District Court for the Eastern District of Louisiana." *Id.* at 83.  Similarly, in *Indian Harbor Ins. Co.*, 197 F. Supp. 2d at 2-3, the Court ruled that it only had the authority to compel arbitration in New York.  Indeed, Griesing admits that "if she must arbitrate, that arbitration would take place in Pennsylvania." (Pl. Opp. Br. at 14).

Further, it is wrong to say that GT can obtain the same relief in this Court as it can in the Eastern District of Pennsylvania.  In *Home Ins. Co.*, where the parties' arbitration agreement called for arbitration in New York, the court ruled that "[r]egardless of Home's actions in Wisconsin, the only court capable of ordering arbitration in this dispute is this one." 908 F. Supp. at 182.  Moreover, the court noted that while the court in Wisconsin could order a stay under Section 3 of the FAA, "an order compelling arbitration could not issue from the Eastern District of Wisconsin." *Id* at 182 n.1.  Similarly, here, GT cannot obtain an order from this Court, under Section 3 of the FAA or pursuant to any other authority, compelling arbitration in Philadelphia (or Miami), in accordance with the parties' agreement.  Only the Eastern District of Pennsylvania (or the Southern District of Florida) can provide that relief.

Griesing also has no support for her suggestion that this Court can compel arbitration in Pennsylvania because she has already "invoked jurisdiction" here. (Pl. Opp. Brief at 11).  The cases that she cites in support of this baseless statement are inapposite.  Specifically, *Manta Ray*

*Offshore Gathering Co., L.L.C v. Shell Offshore, Inc.*, No. 04-2553, 2006 U.S. Dist. LEXIS 54941, at *8-9 (E.D. La. Aug. 7, 2006) is inapplicable because it is a decision of a district court in the Fifth Circuit, which has "interpreted the requirements of the FAA less rigidly than most Circuits." *Id.* Indeed, even the *Manta Ray* court noted that the rule of most circuits is that a motion to compel must "be filed in the district where arbitration must take place." *Id.* Likewise, in *In re Frigitemp Corp.*, 8 B.R. 284, 290 (S.D.N.Y. 1981), the court set forth the well-established rule that "there are good reasons in fairness and in the interest of order to require that a petition to *compel* arbitration be lodged in the jurisdiction where arbitration had been agreed to." Moreover, these cases only apply when a party files a request for a ruling on arbitrability outside of the jurisdiction that can compel arbitration under an agreement. These cases do not say that if a party files a petition to compel in the district that can compel arbitration under the contract, that party can then be forced to have its petition heard elsewhere.

Accordingly, this Court should stay this action and defer to the Pennsylvania district court on the issue of arbitrability because that district can compel arbitration in Pennsylvania.

## II.
### THIS COURT SHOULD DEFER TO THE EASTERN DISTRICT OF PENNSYLVANIA BECAUSE THE ISSUE OF ARBITRABILITY WAS FILED THERE FIRST.

Plaintiff's assertion that the first-filed rule does not contain an "issue-specific investigation" is simply wrong. The law is clear that before applying the first-filed rule, courts must determine if the controversies "involve[e] the same parties *and the same issues*." *KyTEL Int'l Group, Inc. v. Rent-A-Center, Inc.*, 43 F. App'x 420, 422 (2d Cir. 2002); *see also Weitz Co. LLC v. Travelers Cas. & Sur. Co. of Am.*, No. 4:02-cv-40188, 2002 U.S. Dist. LEXIS 20350, at *15-19 (S.D. Iowa Oct. 18, 2002) (refusing to apply the first-filed rule because "the issues involved in the two cases are not the same, nor are they substantially similar"). Here, it is undisputed that the issues set forth by Griesing in her original complaint were not the same as the issue set forth in GT's petition to

9

compel arbitration in the Eastern District of Pennsylvania. The Southern District of New York has held that a plaintiff's underlying lawsuit does not have priority over a later-filed petition to compel arbitration in a different district because the issues in the competing lawsuits are not the same. *See In re Home Ins. Co.*, 908 F. Supp. at 182; *Cap Gemini*, 2004 U.S. Dist. LEXIS 11337, at *6-8. Here, it was only when Griesing filed her Amended Complaint, six weeks after her original complaint, that she raised any issue with respect to the arbitration agreement. Thus, GT's petition has priority.

Further, even if Plaintiff's original Complaint had contained a reference to the arbitrability issue, it would not have priority because differences of a few hours or even days are immaterial in determining priority. *See Raytheon Co.*, 306 F. Supp. 2d at 352 ("[W]here the two actions were filed within a short span of time, the court may afford a diminished degree of deference to the forum of the first filing."); *Symbol Techs. v. Data Gen. Corp.*, No. 96-cv-2240, 1996 U.S. Dist. LEXIS 8493, at *3 (S.D.N.Y. June 20, 1996) ("[W]here the cases are filed merely days apart, the first-filed rule is usually disregarded."); *Ontel Prods. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1153 (S.D.N.Y. 1995) ("[B]ecause the lawsuits were both filed on the same day, the first-filed rule is inapplicable."). Here, Griesing's original Complaint and GT's petition to compel arbitration were both filed on the same day, December 3, 2012, and Griesing filed her original Complaint only two hours before GT's petition to compel arbitration. Therefore, even if the filings contained the same issues, the first-filed rule would not give Griesing's original complaint priority over GT's petition.

## CONCLUSION

For the foregoing reasons and those set forth in GT's main brief, the Court should stay this action pending a final decision on the petition to compel arbitration filed by GT and Greenberg Traurig, P.A., which is pending in the Eastern District of Pennsylvania.

| | |
|---|---|
| Dated: February 20, 2013<br>New York, New York | Respectfully submitted,<br><br>PROSKAUER ROSE LLP<br><br>By:   /s/ Bettina B. Plevan<br><br>Bettina B. Plevan<br>Eleven Times Square<br>New York, New York 10036-8299<br>Telephone:  212.969.3000<br>Facsimile:  212.969.2900<br>bplevan@proskauer.com<br>Attorneys for Defendant |